## UNITED STATES v. MAYER et al.

(Circuit Court of Appeals, Second Circuit. January 8, 1896.)

CUSTOMS DUTIES—GRAPES IN BARRELS

 Grapes imported in barrels, and packed in saw dust or cork dust, are dutiable under paragraph 299 of the tariff act of October 1, 1890, at the rate of 60 cents per barrel of three cubic feet, or fraction thereof, without allowance for the cork dust in which they are packed.

Appeal from the decision of the circuit court for the Southern district of New York (66 Fed. 719), which affirmed the decision of the board of general appraisers, which reversed the action of the collector in the assessment of duty upon imported Malaga grapes.

Wallace MacFarlane, U. S. Dist. Atty.

W. Wickham Smith, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge.   Between October 9 and October 23, 1893, the appellees imported into the port of New York 11,269 small barrels of Malaga grapes packed, in the usual way, in cork dust. These barrels are called "half barrels," and contain about 2 cubic feet. The average capacity of 6 barrels which were measured was 2.078 feet.   The average weight of the entire barrel and contents was 65

pounds. The grapes were assessed for duty by the collector at the rate of 60 cents per barrel of 3 cubic feet capacity, or fractions thereof, under paragraph 299 of the tariff act of October 1, 1890. The importer protested upon the ground that under said paragraph the collector should have assessed upon the number of cubic feet of grapes, making an allowance for the cork dust in which the grapes were packed, or that they should be admitted free of duty, under paragraph 580 of the same act, as "fruits, green, ripe or dried, not specially provided for." Paragraph 299 is as follows: "Grapes, sixty cents per barrel of three cubic feet capacity, or fractional part thereof; plums and prunes, two cents per pound." Paragraph 301 is as follows: "Oranges, lemons and limes, in packages of capacity of one and one fourth cubic feet or less, thirteen cents per package." The paragraph further provides for an increased duty per package, upon the same articles, when imported in packages of a larger size. The board of general appraisers and the circuit court concurred in sustaining the protest of the importers.

There is no dispute in this case in regard to the facts. It appears from the testimony, and the findings of fact of the board of appraisers, that foreign or Malaga grapes are, as a rule, packed in barrels of the same general capacity, viz. of three cubic feet, but that they are often packed in half barrels. They are always packed in saw dust or cork dust, for the purpose of being protected in transportation, and are always sold by the importers by the barrel; the selling price including barrel, cork dust, and grapes. It is well known that, when the importations reach this country, they are sold at auction by the large quantity. Inasmuch as the paragraph is admittedly not expressed with clearness, and as the language does not itself interpret and make plain the intent of congress, these facts are important as aids in the ascertainment of the probable congressional intent. They make it unlikely that the purpose was to impose a duty upon grapes by their solid cubic foot. Such a system of levying duties upon a perishable article, which is carried to the auction room with great promptness, would be an unnatural one. It is obvious that the duty upon oranges was imposed by the package. So, also, grapes were made dutiable by the commercial package as they are bought and sold in the market,—the package which the importer and the purchaser from him both uniformly recognize as the commercial unit. The article is sold by the barrel, the price including grapes, barrel, and saw dust, and the duty is imposed according to the same system; the understanding of the framers of the statute and of the importer being that the ordinary commercial package contains substantially the same amount of grapes, and this amount being a chief factor in determining the rate which shall be placed upon the package. This method of imposing and of ascertaining the proper amount of duty was based upon the commercial system of the importation and sale of grapes; presumably, because it is a simple method, and one which is adapted alike to the convenience of the customhouse and of the importer. But it is said that grapes are sometimes imported, or may be imported, in boxes, from Italy,

and that, if duty is to be assessed by the barrel, a box of grapes must be admitted free. Such a construction of the paragraph would be eminently literal, and would place far greater value upon the words than upon the spirit of the statute; for there would seem to be no mathematical difficulty in ascertaining the capacity of the package, whether it is in one form or in another. The paragraph is not happily phrased, and the construction of it in detail is a more puzzling one. Grapes are sometimes imported in half barrels, and the question arose, soon after the act of 1890 went into effect, as to the proper rate upon such a package. The collector of the port of New York decided that the language imposed a duty of 60 cents upon the package, not exceeding three cubic feet. But barrels may also contain more than three cubic feet, and upon appeal the board of appraisers construed the statute to mean that the duty was at the rate of 60 cents per package of three cubic feet, and consequently that smaller and larger packages should pay duties proportionally. The treasury department acquiesced in this construction, which has since been followed by the collectors, and was followed in this case. It makes the duty upon grapes equable, and gives a just construction to the paragraph, which, if not demanded by its requirements, is not out of harmony with them. The decision of the circuit court is reversed.